UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. TATE, et al.,

        Plaintiffs,

v.

        Case No. 11-CV-12028

        HON. GEORGE CARAM STEEH

GENERAL MOTORS LLC,

        Defendant.

_____/

OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (#9)

On May 9, 2011, plaintiffs filed this action, bringing claims for recovery of benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), and for civil penalties under ERISA §502(c)(1), 29 U.S.C. §1132(c)(1), for defendant's alleged failure to respond to document requests within the 30 days provided by statute. On May 19, 2011, plaintiffs filed an amended complaint asserting the same claims. On June 27, 2011, defendant filed a motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted. The motion was fully briefed, and oral argument occurred at a hearing on December 19, 2011. For the reasons that follow, the court grants defendant's motion to dismiss.

STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965).  The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief.  Ashcroft v. Iqbal,556 U.S. 662; 129 S.Ct. 1937, 1951 (2009).

ANALYSIS

Count I

Plaintiffs bring count I pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), to recover additional benefits to which plaintiffs claim they are entitled under a provision of the General Motors Executive Retirement Plan ("ERP").  The dispute in count I concerns the interpretation of the following part of Article IV, Section II(g) of the ERP:

> [F]or executive retirees who have a combined tax-qualified SRP plus non-qualified benefit under this Plan in excess of $100,000 per annum on a life annuity basis, the amount of benefits under this Plan over the combined $100,000 per annum threshold shall be reduced by 2/3rds.

The ERP was established by General Motors Corporation and is now administered by General Motors LLC.  The ERP is an unfunded, non-qualified employee pension benefit plan that provides "deferred compensation for a select group of management or highly compensated employees."  Its purpose is to supplement benefits provided under GM's tax-qualified benefit plans.  It is a "top hat" plan.  Top hat plans are exempt from certain

provisions of ERISA and subject to others. Defendant reduced benefits under the ERP through an amendment that included the provision at issue, in relation to the bankruptcy.

Defendant argues the unambiguous terms of the provision require that after a *combined* pension threshold of $100,000 is reached, ERP benefits in excess of that *combined* $100,000 are to be reduced by two-thirds. Plaintiffs argue the provision at issue should be interpreted to mean *only* ERP benefits should be considered in determining the $100,000 threshold. Defendant argues the words "combined" and "plus" in the provision make plaintiffs' interpretation implausible.

ERISA plan provisions should be interpreted "according to their plain meaning, in an ordinary and popular sense." Perez v. Aetna Life Ins. Co., 150 F.3d 550, 556 (6th Cir. 1998). "In applying this plain meaning analysis, we 'must give effect to the unambiguous terms of an ERISA plan.'" Id., quoting Lake v. Met. Life Ins. Co., 73 F.3d 1372, 1379 (6th Cir. 1996). "Ambiguity requires two reasonable interpretations. Furthermore, mere disagreement between the parties does not create ambiguity in the legal sense." Id. at 557, n.7 (internal citation omitted).

Defendant argues count I fails to state a claim because the contract is unambiguous and the only plausible interpretation is the one defendant gives to it. Defendant states the reference to SRP in the provision is a reference to the General Motors Retirement Program for Salaried Employees. Defendant argues the word "combined" in the first part of the provision means both SRP and ERP benefits are to be added together in determining the $100,000 threshold, and that the word "plus" also emphasizes addition is to be performed. Defendant argues that once the combined $100,000 threshold is reached, ERP benefits above that level are reduced by two-thirds. SRP benefits, unlike benefits under the ERP,

3

are subject to ERISA's accrual requirements and cannot be reduced.  Such limitations provide the reason for the reduction of *only* the ERP benefits, even though both ERP benefits and SRP benefits are mentioned in the provision.  Defendant argues the second clause in the provision reinforces the meaning of the first clause, stating that the two-thirds reduction applies to the amount of benefits under the ERP over the "combined" $100,000 threshold.

Plaintiffs argue the first clause of the provision is a condition precedent and the second clause is an operative action clause.  Thus, plaintiffs assert the first clause provides that the provision only applies to those retirees who have (1) a SRP benefit; and (2) an annual ERP benefit in excess of $100,000.  Plaintiffs argue the phrases "combined" and "plus" mean the existence or presence of both benefits but do not require a mathematical totaling of the plans.  They argue the second clause then reduces the amount of ERP benefits over $100,000 by two-thirds.  Plaintiffs argue the "combined $100,000 per annum threshold" just confirms that the condition precedent of the first clause has been met.

Defendant responds that plaintiffs' interpretation renders many of the words in the provision meaningless, which runs afoul of basic principles of contract interpretation requiring that terms be interpreted so as to render none nugatory.  Significantly, plaintiffs' interpretation reads "combined" and "plus" out of the provision.  The phrase "combined $100,000 per annum threshold" simply cannot be read as meaning $100,000 in just ERP benefits. The word "combined" is clearly a qualifier on the $100,000 per annum threshold. In giving "combined" meaning in the provision, plaintiffs' interpretation fails.

Plaintiffs attempt to create enough ambiguity to survive the motion to dismiss by arguing the four corners of the plan document do not provide a definition of SRP.  Plaintiffs

4

note that the plan which defendant argues is referred to by the term "SRP," the General Motors Retirement Program for Salaried Employees, is defined in the ERP as the "Retirement Program." However, plaintiffs' interpretation of the provision does not rely on the definition of SRP. Plaintiffs claim only ERP benefits should be considered in determining the $100,000 threshold and the court finds that claim fails. The definition of SRP does not change that result. Plaintiffs also note that the ERP requires that the ERP "shall at all times be maintained, considered, and administered as a non-qualified plan that is wholly separate and distinct from the Retirement Program and the [Savings-Stock Purchase Program]." The court does not find this provision gives plaintiffs' interpretation plausibility, or detracts from defendant's interpretation. The court therefore does not find these arguments preclude dismissal of count I. Because plaintiffs' interpretation of the plan provision is implausible, count I of plaintiffs' amended complaint is DISMISSED.[1]

Count II

In count II, plaintiffs assert a claim for civil penalties under ERISA §502(c)(1), 29 U.S.C. §1132(c)(1), due to GM's failure to respond to a document request within 30 days. On November 22, 2010, plaintiffs Tate and Schmidt requested certain ERP-related documents from GM. In a letter dated February 8, 2011, and received by plaintiffs Tate and Schmidt on February 10, 2011, GM responded to the document request. The

---

[1]Defendant also argues that documents (including the Executive Compensation Committee's minutes regarding its resolution to amend the provision at issue, GM's sale agreement, and GM's secured credit agreement), support its interpretation of the plan provision. Because the court finds plaintiffs' interpretation of the provision is implausible and the provision is unambiguous, the court need not consider the documents submitted by defendant on this issue.

5

response was received 80 days after submitting the request and 50 days after the 30-day time period for responding. Plaintiffs also allege the response was highly redacted.

Defendant argues plaintiffs' claim fails because GM complied with the alternate reporting and disclosure regulation applicable to top hot plans. Defendant relies on 29 C.F.R. §2520.104-23, which provides an alternate method of compliance with the reporting and disclosure provisions of ERISA. The regulation provides that a top hat plan administrator who files a statement with the Secretary of Labor as described in the regulation "shall be deemed to satisfy the reporting and disclosure provisions of part I of title I of the Act." By complying with the alternative compliance regulation, defendant argues it was not required to furnish the information in the manner requested and thus plaintiffs' claim should be dismissed. Defendant argues the court may take judicial notice of the statement on file with the Department of Labor when ruling on this Rule 12(b)(6) motion. See Belmonte v. Examination Mgmt. Servs., Inc., Case No. 05-3206, 2007 WL 551578, *1 n.2 (N.D. Ill. Feb. 16, 2007) (taking judicial notice of top hat plan statement filed with Department of Labor when ruling on motion to dismiss).

Plaintiffs argue the records produced show that "General Motors Corporation" filed documents per the alternative reporting provision, not "General Motors LLC", and therefore defendant cannot rely upon reporting by the previous legal entity. Plaintiffs fail to cite any legal authority in support of this proposition.

Under the sale agreement in the bankruptcy, defendant acquired all registrations made available by or under the authority of a government agency. See The Amended and Restated Master Sale and Purchase Agreement §2.2(a)(xi), dated June 26, 2009, Docket No. 2968, available at www.motorsliquidationdocket.com (In re: General Motors Corp.,

Case No. 09-50026, U.S. Bankruptcy Court for the Southern District of New York.)[2]  As such, defendant may rely on the reporting.  At the hearing, plaintiffs failed to provide a reason why defendant may not rely upon the former entity's statement in light of the sale agreement's transfer of all registrations.  Count II of plaintiffs' amended complaint is therefore DISMISSED.

CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is GRANTED.


Dated:  December 27, 2011

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 27, 2011, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

[2]The sale agreement is a public court document that this court may consider on a motion to dismiss.  See New England Health Care Emp. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."), abrogated by Merck & Co., Inc. v. Reynolds, 130 S.Ct. 1784 (2010).

7